IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE FORD TAILGATE LITIGATION | No. 11-CV-2953-RS |
| | **ORDER GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS AND DENYING DEFENDANT'S MOTION TO STRIKE** |

## I. INTRODUCTION

Defendants again move to dismiss the complaint in this putative class action concerning an alleged defect in certain Ford vehicles. This time, defendants seek to dismiss in part and to strike certain elements of the Third Consolidated Amended Class Action Complaint ("TCAC"). For the reasons set forth below, Ford's motion is granted and plaintiffs' Magnuson-Moss Warranty Act ("MMWA") and unjust enrichment claims are dismissed without leave to amend. Plaintiffs' claims for restitution under the California Consumers Legal Remedies Act ("CLRA") similarly are stricken, though their corresponding claims for injunctive relief survive except as to plaintiff Sally Nettleton. Ford's motion to strike the three new named plaintiffs and references to Ford's alleged breach of warranty is denied.

## II. BACKGROUND[1]

A detailed summary of the factual allegations and procedural history of this case may be found in the Court's March 12, 2014 Order. In brief, this matter stems from problems occurring

---

[1] The factual background is based on the averments in the complaint, which must be taken as true for purposes of a motion to dismiss.

with the rear tailgate appliqué panel of certain Ford sport utility vehicles, which plaintiffs allege is prone to cracking. Plaintiffs allege that Ford has been aware of the defect in the appliqué since the vehicles were initially manufactured in 2002. Plaintiffs aver that in spite of this knowledge, Ford continued to manufacture, sell, and warrant the defective vehicles. On this basis, plaintiffs allege that Ford has breached its warranted obligations, obtained an unjust enrichment at the expense of consumers, and committed other unfair or deceptive practices.

Plaintiffs further allege that the defective tailgates pose substantial safety risks. According to plaintiffs, a cracked tailgate renders its window portion more likely to break or shatter. In addition, the appliqué may detach and fly off while a vehicle is in operation. The TCAC includes specific averments from some plaintiffs that the rear windows on their Ford vehicles broke either concurrent with or subsequent to a crack forming in the appliqué panel. TCAC ¶¶ 191, 218, 226, 256, 263. One plaintiff alleges the shattered glass caused three cuts to his arm. TCAC, ¶ 226. In addition to these safety risks, plaintiffs allege that the defect has resulted in economic damages including repair costs and a reduction in value of the putative class vehicles.

This case represents a consolidation of three separate lawsuits filed in this district: *Nettleton v. Ford Motor Co.*, No. 11-2953; *Gettman v. Ford Motor Co.*, No. 11-3133; and *Perrone v. Ford Motor Co.*, No. 11-3832. After discovery had commenced, plaintiffs filed a Second Consolidated Amended Class Action Complaint ("SCAC"), which Ford moved to dismiss in part. That motion was granted in part. In particular, plaintiffs' state law express and implied warranty claims and other state tort claims were dismissed without leave to amend. In addition, and relevant to this Order, plaintiffs' MMWA, CLRA, and unjust enrichment claims were dismissed with leave to amend.

The TCAC re-alleges an amended claim under the MMWA, as well as amended claims for unjust enrichment, consumer fraud, and other related state-law claims. The TCAC also adds three new named plaintiffs for three states that already have a named plaintiff. TCAC ¶¶ 28, 36, 41. Ford now moves to dismiss the MMWA claim, all of the unjust enrichment claims, and the California plaintiffs' CLRA claims. Ford also moves to strike the three new named plaintiffs and any reference to Ford's alleged breach of warranty.

### III. LEGAL STANDARD

To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Pleadings must be so construed as to do justice." Fed. R. Civ. P. 8(e). While "detailed factual allegations are not required," a complaint must have sufficient factual allegations to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. This determination is a context-specific task requiring the court to "draw on its judicial experience and common sense." *Id.* at 679.

### IV. DISCUSSION

A. <u>Magnuson-Moss Warranty Act Claim</u>

The MMWA provides a federal class action remedy for breach of an implied or express warranty. 15 U.S.C. § 2310(d). The purpose of the MMWA is "to improve the adequacy of information available to consumers, prevent deception, and improve competition in the marketing of consumer products." § 2302(a). The MMWA distinguishes between two types of warranties: full warranties and limited warranties. *See* § 2303(a). The act establishes minimum federal requirements for full warranties and provides substantive remedies for their breach. § 2304. The act does not establish either minimum requirements or remedies applicable to properly-designated limited warranties, like those at issue in this case, except to provide a federal claim for relief resting on applicable state law claims. *Schimmer v. Jaguar Cars, Inc.*, 384 F.3d 402, 405 (7th Cir. 2004). The primacy of state law in this area is further evidenced by the MMWA's definition of "implied warranties" as those "arising *under State law*" except as modified by relevant provisions of the act.[2]

---

[2] The MMWA definition of "implied warranty" specifically cross-references two other provisions of the act: § 2304(a), which provides the minimum requirements for full warranties discussed above, and § 2308, which provides that "implied warranties may be limited in duration to the duration of a written warranty of reasonable duration, if such limitation is conscionable and is set forth in clear and unmistakable language and prominently displayed on the face of the warranty." Plaintiffs do not allege that Ford's warranties violate either provision.

§ 2301(7) (emphasis added). The MMWA does not expand a plaintiff's rights under state law except in those specific circumstances where the federal act explicitly provides a right or remedy. *See Walsh v. Ford Motor Co.*, 807 F.2d 1000, 1012 (D.C. Cir. 1986); *Stearns v. Select Comfort Retail Corp.,* No. 08–2746-JF, 2009 WL 1635931, at *9 (N.D. Cal. June 5, 2009). As a result, claims under the MMWA will generally "stand or fall with [plaintiffs'] express and implied warranty claims *under state law*." *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (emphasis added).

Plaintiffs' express and implied warranty claims were previously dismissed without leave to amend. The Court specifically rejected plaintiffs' latent defect argument based on the general rule "that an express warranty does not cover repairs made after the applicable time or mileage periods have elapsed." *Clemens*, 534 F.3d at 1023. Plaintiffs' implied warranty claims were rejected because the Uniform Commercial Code, as adopted by each of the plaintiffs' states, permits sellers or manufacturers to limit expressly the duration of any implied warranties, as does the MMWA. *Cf.* 15 U.S.C. § 2308(b) ("implied warranties may be limited in duration to the duration of a written warranty"). Because plaintiffs' state law warranty claims were not viable, their previous MMWA claim necessarily failed as to both those plaintiffs whose state law warranty claims were dismissed and those plaintiffs who did not assert a state law warranty claim in the first place. The prior Order did, however, leave the door open for amendment of the federal MMWA if plaintiffs were able to set forth a plausible MMWA claim.

The TCAC attempts to resurrect the MMWA claim on the basis of unconsionability. Specifically, plaintiffs allege the temporal limitations on Ford's warranty are both *procedurally* unconscionable due to the unequal bargaining power between Ford and plaintiffs and *substantively* unconscionable as Ford knew its vehicles were defective yet failed to disclose those defects to plaintiffs. *Cf. Ingle v. Circuit City Stores, Inc.*, 328 F.3d 1165, 1174 (9th Cir. 2003) (applying California law, a court may only decline to enforce a contract or contractual provision if it is both procedurally and substantively unconscionable). Whether a contractual term is unconscionable, however, is a question of state law. *See, e.g., Chalk v. T–Mobile USA, Inc.,* 560 F.3d 1087, 1092 (9th Cir. 2009) ("unconscionability," as applied to an arbitration clause, is a question of state law);

*Carlson v. Gen. Motors Corp.*, 883 F.2d 287, 291 (4th Cir. 1989) ("unconscionability" under the MMWA is determined by reference to state law ); *In re Porsche Cars N. Am., Inc.*, 880 F. Supp. 2d 801, 821 (S.D. Ohio 2012) (same). While plaintiffs rely on numerous cases allowing federal warranty claims alleging unconscionability to move forward, in each such instance the plaintiffs also set forth viable parallel state law claims. Plaintiffs have not pointed to any cases in which an MMWA claim was allowed to proceed where all corresponding state law claims had failed. Plaintiffs' MMWA claim must again be dismissed as plaintiffs have not demonstrated in either the TCAC or their response to the instant motion that these allegations are sufficient to set forth a viable warranty claim in *any* state in light of the specific factual and legal deficiencies addressed in the Court's prior Order.

B. <u>Unjust Enrichment</u>

Ford next moves to dismiss plaintiffs' unjust enrichment claims.[3] Unjust enrichment is an equitable claim for relief that is generally available only where there is no adequate remedy at law. *See, e.g., Matthews v. Am. Honda Motor Co., Inc.*, No. 12-60630, 2012 WL 2520675, at *2 (S.D. Fla. June 6, 2012). A plaintiff may plead both contract and unjust enrichment claims concerning the same facts where the validity of the contract is at issue. *See, e.g., McKinnon v. Dollar Thirty Auto. Group*, No. 12-4457-SC, 2013 WL 791457, at *8 (N.D. Cal. Mar. 4, 2013); *Monet v. Chase Home Fin., LLC*, No. 10-0135-RS, 2010 WL 2486376, at *3 (N.D. Cal. June 16, 2010). However, "where the unjust enrichment claim relies upon the same factual predicates as a plaintiff's legal causes of action, it is not a true alternative theory of relief but rather is duplicative of those legal causes of action." *Licul v. Volkswagen Grp. of Am., Inc.*, No. 13-61686, 2013 WL 6328734, at *7 (S.D. Fla. Dec. 5, 2013); *see also Trazo v. Nestle USA, Inc.*, No. 12-2272 PSG, 2013 WL 4083218, at *11 (N.D. Cal. Aug. 9, 2013); *In re Apple & AT & T iPad Unlimited Data Plan Litig.*, 802 F. Supp. 2d 1070, 1077 (N.D. Cal. 2011).

---

[3] Plaintiffs assert unjust enrichment claims on behalf of the proposed state sub-classes in Alabama, Connecticut, Florida, Georgia, Illinois, Indiana, Maryland, Massachusetts, Mississippi, New Hampshire, New York, North Carolina, Ohio, Oklahoma, Pennsylvania, Tennessee, Texas, Virginia, West Virginia.

Alabama plaintiff Nancy Hough's unjust enrichment claim is representative of similar claims alleged throughout the TCAC.[4]  Hough alleges she purchased a new 2002 Ford Explorer from a Ford dealership in Alabama.[5]  Unbeknownst to Hough at the time, but allegedly known to Ford, vehicles like hers were subject to the cracked tailgate problem.  Despite its alleged knowledge of this problem, Ford sold Hough her vehicle, along with an associated new vehicle warranty and extended Ford service plan, without disclosing the vehicle's alleged defect.  When Hough discovered the defect and reported it to Ford, it refused to repair the vehicle at its expense and Hough was forced to pay for the repair herself.  These factual allegations remain unchanged from the SCAC.  *Compare* SCAC, ¶¶ 83–88 *with* TCAC, ¶¶ 85–90.  The TCAC does, however, provide additional detail on the alleged benefit conveyed to Ford as a result of these allegations.  For example, Hough avers, Ford sold class members "defective products for the price of non-defective products" and obtained additional benefit from the sale of replacement parts and repair service in order to address this defect.  TCAC, ¶¶ 327, 331.

The TCAC suggests plaintiffs' unjust enrichment claim applies "in the alternative" because Ford's new vehicle warranty and extended service plans "are unenforceable as a result of Ford's fraudulent behavior and/or unconscionable terms."  Plaintiffs do not, however, allege any specific facts upon which a reasonable fact finder might infer that the contracts as a whole are unenforceable.  Rather, the relevant allegations simply imply that the temporal limit on the contract was unconscionable because Ford knew at the time, and did not disclose, that the vehicles were prone to defects that might not manifest during the warranty period.[6]  Plaintiffs do not, however,

---

[4] Plaintiffs claim unjust enrichment on behalf of putative class members in Alabama (Count Two), Connecticut (Count Eight), Florida (Count Ten), Georgia (Count Twelve), Illinois (Count Fourteen), Indiana (Count Sixteen),  Maryland (Count Eighteen), Massachusetts (Count Twenty), Mississippi (Count Twenty-Two), New Hampshire (Count Twenty-Four), New York (Count Twenty-Seven), North Carolina (Count Twenty-Nine), Ohio (Count Thirty), Oklahoma (Count Thirty-Two), Pennsylvania (Count Thirty-Four), Tennessee (Count Thirty-Five), Texas (Count Thirty-Seven), Virginia (Count Thirty-Nine), and West Virginia (Count Forty-Two).

[5] Unlike Hough, plaintiffs Carl Linder (Illinois, Count Fourteen), Gary Farson (Indiana, Count Fifteen), Joshua Carson (Mississippi, Count Twenty-Two), and Heather Hardee (Texas, Count Thirty-Seven) do not allege that they purchased their used vehicles or any replacement parts from Ford or even a Ford dealer.

[6] Plaintiffs allegations of procedural unconsionability, predicated on the unequal bargaining power between the parties, would go to the entirety of the contract and not just the durational limit.  In order to set aside the contract, however, plaintiffs must allege both procedural and substantive

seek to strike only the durational limit of the contract but rather seek an equitable remedy based on an unsubstantiated claim that the contract as a whole is unenforceable. These conclusory allegations lacks sufficient averred facts to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678.

Setting aside the unsubstantiated argument that the contract as a whole is unenforceable, plaintiffs are left with the same basic unjust enrichment claims previously advanced in the SCAC. Those claims fail now for the second time and for the same reasons set forth in the prior Order. Plaintiffs do not distinguish the alleged deception underlying their unjust enrichment claims from that underlying their separate tort and contract claims. The fact that plaintiffs have failed to allege a plausible contract claim (under either state or local law), and the possibility that they may not prevail on their tort claims, does not mean a legal remedy was unavailable (thereby justifying an equitable remedy of unjust enrichment) but only that their claims may ultimately be found to lack merit or were not timely filed consistent with the relevant state statutory provisions. Accordingly, defendant's motion is granted as to plaintiffs' unjust enrichment claims.

Ford also contends that certain plaintiffs' unjust enrichment claims should be dismissed with prejudice for failing to allege that they bought their vehicles from Ford or Ford dealers and therefore failing to establish that any benefit was conferred to Ford in the first place.[7] It is not necessary to reach this issue as Ford's motion is otherwise granted with respect to these claims, for the reasons set forth above.

C. <u>California Legal Remedies Act Claim</u>

The CLRA provides that any consumer who suffers damage as a result of an act or practice declared unlawful may seek to recover actual damages, punitive damages, or injunctive relief. Cal. Civ. Code § 1780. For actions seeking damages, the CLRA mandates that "[t]hirty days or more prior to the commencement of an action for damages [under the CLRA], the consumer shall . . . [n]otify the person alleged to have" violated the CLRA "of the particular alleged violations" and

---

unconsionability. Plaintiffs' allegations speaking to this latter prong would only extend to the durational limit.

[7] Linder (Illinois, Count Fourteen), Farson (Indiana, Count Fifteen), Carson (Mississippi, Count Twenty-Two), and Hardee (Texas, Count Thirty-Seven).

"[d]emand that the person correct, repair, replace, or otherwise rectify" the violation. § 1782(a). "The notice shall be in writing and shall be sent by certified or registered mail, return receipt requested, to the place where the transaction occurred or to the person's principal place of business within California." § 1782(a). While section 1782(d) expressly provides that an action for injunctive relief may be brought without pre-suit notice, this exception does not extend to a request for restitution. *See Laster v. T-Mobile USA, Inc.*, No. 04-1167, 2008 WL 5216255, at *16–17 (S.D. Cal. Aug. 11, 2008), *aff'd sub nom. Laster v. AT & T Mobility LLC*, 584 F.3d 849 (9th Cir. 2009), *rev'd on other grounds*, 131 S. Ct. 1740 (2011).

Plaintiffs' CLRA claims were previously dismissed, with leave to amend, for failure to allege that pre-suit notice was given to Ford. The TCAC attempts to cure this deficiency by alleging the plaintiffs "served Ford with written notice of Ford's unfair methods of competition and unfair and deceptive acts and practices and a demand for repair and restitution." TCAC ¶ 345. Conspicuously missing, however, is any allegation of *pre-suit* notice, an omission specifically noted in the Court's prior Order and a fact that, if true, should be well within plaintiffs' ability to ascertain.[8] In contrast, other plaintiffs specifically averred that they provided notice to Ford before filing suit. For example, the Massachusetts plaintiffs allege they gave notice to Ford "at least thirty days before this complaint was filed." SCAC ¶ 542; TCAC ¶ 493. In fact, Ford has submitted a copy of a letter from plaintiffs' counsel purporting to provide the requisite notice of plaintiffs' CLRA claims; that letter is dated April 10, 2014, well after the date plaintiffs commenced this action. Tew Decl., Ex. 2.[9] Once again, plaintiffs' claims for restitution under the CLRA must be dismissed for failure to allege that pre-suit notice was provided to Ford. This does not, of course, apply to plaintiffs' request for injunctive remedy under that statute.

---

[8] Plaintiffs do not argue that the named plaintiffs' requests to Ford for repairs (TCAC ¶¶ 96, 103, 111) satisfy the CLRA's pre-suit notice requirement.

[9] Although a motion to dismiss is generally concerned with sufficiency of the complaint, the court may consider other evidence upon which the complaint "necessarily relies" without converting the motion into one for summary judgment so long as "(1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (citations omitted). Here, the complaint references written notice to Ford, which is a necessary element of plaintiffs' CLRA complaint. Plaintiffs do not contest either the authenticity of the letter or defendant's reliance thereon.

Ford additionally moves to dismiss plaintiff Sally Nettleton's CLRA claim for failure to comply with the applicable three-year statute of limitations. As recounted in the prior Order, Nettleton discovered the cracked appliqué on her Ford vehicle in February 2008 (TCAC ¶ 109); this suit, however, was not commenced until June 15, 2011. Plaintiffs respond that the statute of limitations was tolled by the filing of two separate putative class actions relating to the same cracked tailgate issue alleged in the TCAC: *Iler v. Ford Motor* Company, No. 10-02648, filed in the Southern District of California on December 22, 2010, and *Hamilton v. Ford Motor* Company, No. 11-10790, filed in the Eastern District of Michigan on March 25, 2011.

Under California state law, equitable tolling may apply to a CLRA claim where there is "(1) timely notice to the defendant in the filing of the first claim; (2) lack of prejudice to the defendant in gathering evidence to defend against the second claim; and (3) good faith and reasonable conduct by the plaintiff in filing the second claim." *Hatfield v. Halifax PLC*, 564 F.3d 1177, 1185 (2009) (citing *Collier v. City of Pasadena*, 142 Cal. App. 3d 917, 924 (1983)). Neither *Iler* nor *Hamilton*, however, alleged a CLRA claim; *Hamilton* did not even include a California plaintiff. That distinction is not fatal to plaintiffs; the two claims need not be identical so long as "the facts of the two claims be identical or at least so similar that the defendant's investigation of the first claim will put him in a position to fairly defend the second." *Collier*, 142 Cal. App. 3d at 685–86. On that basis, *Hamilton* cannot provide a basis for tolling as nothing in that matter would put Ford on alert for particular California litigation issues. *Iler* might arguably satisfy the considerations set forth in *Collier* as it involved California plaintiffs and California claims, though the California courts have held that equitable tolling does not apply to successive filings in the same forum. *See, e.g., Martell v. Antelope Valley Hosp. Med. Ctr.*, 67 Cal. App. 4th 978, 985 (1998). It is not necessary to resolve these questions, however, because even if *Iler* satisfied the California equitable tolling requirements, the 84 days between the date the complaint was filed and the date the *Iler* plaintiffs voluntarily dismissed their complaint is insufficient to save Nettleton's claim. Nettleton's CLRA claim is therefore subject to dismissal in its entirety (including claims for both restitution and injunctive relief) for the independent reason that the statute of limitations had run on her claim before this suit was commenced.

D. Motion to Strike

Federal Rule of Civil Procedure 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "[T]he function of a [Rule] 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney–Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).

Ford first moves to strike three new named plaintiffs added to the TCAC.[10] While the March 12, 2014 Order gave plaintiffs leave to amend certain dismissed claims in their SCAC, Ford argues that Order did not grant leave to add additional named plaintiffs and plaintiffs made no such request.

Where leave is sought to amend a complaint it shall be "freely given." *Ascon Prop., Inc. v. Mobil Oil Co.,* 866 F.2d 1149, 1160 (9th Cir. 1989). A court may deny leave to amend on the basis of undue delay, bad faith, undue prejudice to the opposing party, repeated failure to cure deficiencies by amendments previously allowed, or futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Prejudice to the opposing party is the factor accorded the greatest weight in denying a motion for leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003). Under Rule 15(a) of the Federal Rules of Civil Procedure, there is a presumption in favor of granting leave to amend absent prejudice or a strong showing of any of the other factors. *Eminence Capital*, 316 F.3d at 1052.

Although leave was not formally sought to add new plaintiffs to the complaint, no prejudice to defendants from their addition is evident. The three new plaintiffs represent states already present in the case. Any additional discovery likewise should not work an undue hardship on Ford, as the deadline for non-expert discovery has already been extended to October 10, 2014.

Ford also contends that plaintiffs cannot demonstrate the requisite "good cause" in accordance with Fed. R. Civ. P. 16(b). Plaintiffs have, however, adequately set forth such good cause. According to plaintiffs, each new plaintiff serves a role in responding to issues previously

---

[10] Frank Everett in Massachusetts, Mark Giunto in New York, and Andrew Stalnecker in Pennsylvania. TCAC, ¶¶ 28, 36, 41.

ORDER GRANTING PARTIAL MOTION TO DISMISS AND DENYING MOTION TO STRIKE
10

1  raised by Ford.  For example, plaintiffs Giunto and Stalnecker have experienced glass shattering in
2  their vehicles (TCAC ¶¶ 220–27, 258–67), while plaintiff Everett will help advance the issue of
3  notice under Massachusetts law because the crack in his tailgate appeared three years after the
4  purchase of his car.  TCAC ¶¶ 167–73.  As there is no apparent prejudice to Ford, its motion to
5  strike the new plaintiffs is denied.

      Ford also urges the Court to strike all reference to breach of warranty.  Ford fails to demonstrate how the inclusion of these references results in any prejudice to Ford and its motion to strike all breach of warranty allegations is therefore denied.

### E. <u>Leave to Amend</u>

      Federal Rule of Civil Procedure 15(a) provides that leave to amend should be freely given "when justice so requires."  In dismissing a complaint, leave to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment.  *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995).  When amendment would be futile, however, dismissal may be ordered with prejudice.  *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996).  Leave to amend may also be denied where a plaintiff has "[r]epeated[ly] fail[ed] to cure deficiencies by amendments previously allowed."  *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 809–10 (9th Cir. 1988) (citing *Foman,* 371 U.S. at 182).  *McGlinchy* held that the district court did not abuse its discretion in denying the plaintiffs' request for leave to file a second amended complaint where they had failed to cure deficiencies in prior amended complaints.  *Id.*

      The Court's prior Order dismissed certain claims without leave to amend where it was apparent that amendment would be futile in curing the complaint's deficiencies.  Other claims, including those claims at issue in this Order, were dismissed with leave to amend.  Those claims were generally dismissed on the same grounds set forth here: failure to ground the federal MMWA claim in any substantive state law violation, duplicative pleading of unjust enrichment, and failure to allege pre-suit notice for plaintiffs' restitution claims under the CLRA.  Having failed to address adequately these deficiencies in the TCAC, plaintiffs' claims under the MMWA and for unjust enrichment shall be dismissed without leave to amend.  In addition, plaintiffs' prayer for restitution under the CLRA is hereby stricken without leave to amend for failure to allege pre-suit notice.

producing

Plaintiffs' CLRA claim may proceed to the extent it seeks injunctive relief with the exception of Nettleton, whose claim is time-barred in its entirety and thus shall be dismissed without leave to amend.

## V. CONCLUSION

For the foregoing reasons, Ford's partial motion to dismiss is granted and the following counts of the TCAC are hereby dismissed without leave to amend:

- <u>Magnuson Moss Warranty Act</u>:  Count One; and

- <u>Unjust Enrichment</u>: Counts Two, Eight, Ten, Twelve, Fourteen, Sixteen, Eighteen, Twenty, Twenty-Two, Twenty-Four, Twenty-Seven, Twenty-Nine, Thirty, Thirty-Two, Thirty-Four, Thirty -Five, Thirty-Seven, Thirty-Nine, and Forty-Two.

Plaintiffs' request for restitution under the California Consumers Legal Remedies Act (CLRA) (Count Four) is hereby stricken without leave to amend; the claim for injunctive relief under that act as set forth by plaintiffs James Denning and Al Morelli may go forward as currently alleged. Plaintiff Nettleton's CLRA claim (Count Four) is dismissed in its entirety without leave to amend. Ford's motion to strike certain plaintiffs and portions of the TCAC is denied.

IT IS SO ORDERED.

Dated: August 8, 2014

_____

RICHARD SEEBORG

UNITED STATES DISTRICT JUDGE